```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GARRESSA SMITH as Administratrix and prosequendum of the estate of Kashon Smith, a minor, deceased, and CORINTHIA MITCHELL as parent and natural guardian for Kaysha Mitchell, a minor, and Coron Mitchell, a minor<br><br>       Plaintiffs,<br><br>  v.<br><br>OFFICER DEAN GRANDSEN, et al.,<br><br>       Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 08-4517<br>    (JEI/KMW)<br><br><br>**OPINION** |

**APPEARANCES:**

RALPH A. POWERLL, ESQUIRE PC
Ralph A. Powell, Esq.
1900 Knight Circle
Yardley, PA 19067
    Counsel for Plaintiffs

Ralph Raymond Kramer, Esq.
605 White Horse Pike
Haddon Heights, NJ 08035
    Counsel for Defendant Officer Dean Grandsen

WEIR & PARTNERS LLP
John C. Eastlack, Jr., Esq.
The Liberty View Building
457 Haddonfield Road, Suite 310
Cherry Hill, NJ 08002
    Counsel for Defendant City of Camden

OFFICE OF CAMDEN COUNTY COUNSEL
Howard Lane Goldbery
520 Market Street
Courthouse - 14th Floor

Camden, NJ 08102
    Counsel for Defendants County of Camden and Camden County Prosecutor's Office

TAYLOR AND JAY, LLC
Stuart W. Jay
20 East Centre Street
Woodbury, NJ 08096
    Counsel for Defendant Jeffrey Frampton

**IRENAS**, Senior District Judge:

This matter comes before the Court on Defendant Dean Grandsen's Motion for Summary Judgment.[1]  (Dkt. No. 55)  For the following reasons the Motion will be denied.

**I.**

There are several witnesses to the events that gave rise to this lawsuit; however, there are two distinctly different accounts of those events.  For the purposes of this Motion, the Court must resolve all factual discrepancies in favor of the Plaintiffs.[2]

On the night of December 21, 2007, Officer Dean Grandsen was a Camden City Police Officer on patrol near the 200 block of Pfeiffer Street in Camden, New Jersey.  (Pl.'s Br., Dkt. No. 64 at 1)  At around 10:30 PM, Grandsen observed Kashon Smith, and

---

[1] This is the first of three pending motions for summary judgment. Defendants City of Camden and Jeffrey Frampton have also moved for summary judgment.  (Dkt. Nos. 56 & 62)

[2] In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

his cousin, Kaysha Mitchell, crossing the street towards the side yard of the home located at 200 Pfeiffer Street.  (*Id.* at 3)  By cutting through the side yard, the two could arrive at a friend's house located at 2114 Jones Street.  (*Id.* at 11) Smith, aged sixteen, was carrying a grill fork, appeared heavily intoxicated and was visibly upset over what was later discovered to be romantic complications.  (*Id.* at 4)

Once Smith and Mitchell had reached the side yard, Grandsen exited his vehicle, drew his duty weapon and engaged Smith.  (*Id.* at 5)  Grandsen ordered Smith to drop the grill fork several times.  (*Id.*)  Although Smith did not drop the fork as instructed, Smith was not abusive or aggressive.  (*Id.*)  Witnesses located on the porch of 200 Pfeiffer pleaded with Grandsen not to shoot Smith.  (*Id.*)  They evidently did not think Smith was a danger.  (*Id.*)  At this point, Grandsen was approximately nineteen feet from where Smith stood.  (*Id.*)

After repeating the order to drop the fork two to three times, Grandsen shot Smith on the right-hand side of his torso.  (*Id.*)  Upon impact, Smith grabbed his torso and dropped the fork.  (*Id.* at 7)  Smith was still nineteen feet from Grandsen.  Grandsen again shot Smith in the torso at which point Smith collapsed face-down in a mulch bed.  (*Id.*)  Grandsen approached the bleeding Smith, handcuffed him and left Smith face-down in the mulch bed.  (*Id.* at 8)

3

II.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

"'With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'– that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'" *Conoshenti v. Public Serv. Elec. & Gas*, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting *Celotex*, 477 U.S. at 323). The role of the Court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

III.

Defendant moves for summary judgment on Count One of Plaintiff's Complaint, which alleges an excessive use of force in violation of 42 U.S.C. § 1983.  Defendant's only argument is qualified immunity.

Qualified immunity entails a two-part inquiry.  First, "[t]he threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002).  Second, defendants may nevertheless "be shielded from liability for civil damages if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Id.* at 739.

**A.**

Plaintiff's claim of excessive force requires Plaintiff to allege an unreasonable seizure under the Fourth Amendment. Plaintiff must show that "a seizure occurred and that it was unreasonable."  *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999).  Reasonableness is judged by the totality of the circumstances.  *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985).

First, a seizure has clearly occurred here.  *Id.* at 7 ("[T]here can be no question that apprehension by the use of deadly force is a seizure subject to the reasonableness

5

requirement of the Fourth Amendment.").

Second, Plaintiff has alleged facts sufficient to show that the seizure was unreasonable. Generally, deadly force is warranted when there is an imminent threat of serious physical injury or death to officers, bystanders or the public. *See id.* at 11; *Scott v. Harris*, 550 U.S. 372, 384 (2007). Here, Smith was standing still, non-threatening and too far away from any person to pose an imminent threat. Therefore, the use of deadly force was unreasonable and Plaintiff has established a claim for the use of excessive force under § 1983.

### B.

Next, the right must have been clearly established. To argue that a reasonable officer would not know that it is a clearly established constitutional violation to shoot and kill a nonviolent sixteen-year-old boy borders on frivolity.

### IV.

For the foregoing reasons, Defendant Grandsen's Motion for Summary Judgment is denied.

Dated: 10/25/11

                                              /s/ Joseph E. Irenas

                                            **JOSEPH E. IRENAS, S.U.S.D.J.**