UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARRESSA SMITH as Administratrix and prosequendum of the estate of Kashon Smith, a minor, deceased,<br><br>   Plaintiff,<br><br> v.<br><br>OFFICER DEAN GRANDSEN, et al.,<br><br>   Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 08-4517<br>   (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

RALPH A. POWELL, ESQUIRE PC
Ralph A. Powell, Esq.
1900 Knight Circle
Yardley, PA 19067
 Counsel for Plaintiff

PAUL, REICH & MYERS, P.C.
Richard P. Myers, Esq.
1608 Walnut Street, Suite 500
Philadelphia, PA 19103
 Counsel for Plaintiff

TAYLOR AND JAY, LLC
Stuart W. Jay
20 East Centre Street
Woodbury, NJ 08096
 Counsel for Defendant Jeffrey Frampton

**IRENAS**, Senior District Judge:

 Following a ten-day trial, on October 19, 2012, the jury returned a verdict of no cause for Defendants Dean Gransden and

1

Jeffrey Frampton in an action brought by Plaintiff Garressa Smith alleging that the Defendants violated the constitutional rights of her son, Kashon Smith.  The jury found that Gransden did not "violate[] Kashon Smith's constitutional right not to be subjected to excessive force" and was not "deliberately indifferent to Kashon Smith's risk of serious medical harm."  The jury also found that Frampton was not "deliberately indifferent to Kashon Smith's risk of serious medical harm [nor] did he cause other City of Camden police officers to be deliberately indifferent to that risk."  Presently before the Court is Plaintiff's renewed motion for judgment as a matter of law or, in the alternative, a new trial, solely with respect to Defendant Frampton.  For the reasons set forth within, Plaintiff's motion will be denied.

**I.**

The Court will provide a short summary of the facts presented to the jury in reaching their verdict, focusing on those pertinent to Plaintiff's claims against Frampton.  On December 21, 2007, Plaintiff's son, Kashon Smith, was shot two times by Defendant Gransden outside 200 Pfeiffer Street, Camden, NJ.  Kashon died just after midnight on December 22, 2007.

2

After the shooting occurred, several Camden City police officers responded, including Defendant Frampton, who was the first supervisor to arrive at the scene.  Frampton was the crime scene supervisor.  When he arrived, Frampton saw Gransden handcuffing Kashon Smith's hands behind his back while Kashon lay face down on the ground.

The scene where the shooting took place was chaotic.  In addition to a crowd of between 50 to 100 area residents, approximately 42 law enforcement officers and medical personnel were present at the scene.  Many of the residents were yelling and screaming.  Further, members of Kashon's family were trying to reach him and had to be physically restrained by police officers.  At the same time, the officers were trying to seal off the crime scene and preserve evidence.  Because of the large number of people there, Frampton requested that more officers be sent to the scene.

When Frampton arrived at 200 Pfeiffer Street, Kashon was conscious.  Frampton knew that Kashon had been shot and could see him moving and moaning.  Frampton observed that Kashon was breathing the entire time between when he arrived and when the paramedics arrived.  During this period, Frampton did not provide any first aid to Kashon, did he touch Kashon, and did

3

not order any other officer to provide first aid to Kashon. In fact, none of the Camden police officers provided aid to Kashon.

At trial, there was conflicting testimony from the paramedics who responded to the shooting. One paramedic, Brian Rowe, testified that Kashon was breathing normally when he arrived and that he did not see any obstructions in Kashon's airway. According to Rowe, Kashon's condition and breathing did not change from the time Rowe first examined him until his arrival at Cooper University Hospital. Although Rowe testified that he tried to intubate Kashon, he later clarified that an intubation was not necessary to insure that Kashon was breathing but rather would have acted as a preventative measure should Kashon's airways have become obstructed.

The other paramedic, Marilyn Rodriguez, testified that Kashon was lying face down in mulch, that his airway was blocked with dirt and mulch, and that he was having difficulty breathing. She further stated that she had to clear his airways and provide him with oxygen manually. Contrary to Rowe's testimony, Rodriguez said that Smith was breathing minimally in the ambulance.

Both paramedics agreed that Kashon's handcuffs remained on while he was in the ambulance and that no police officer accompanied the paramedics in the ambulance when they

4

transported Kashon to the hospital.  The City of Camden had a policy that required a police officer to accompany an arrestee in an ambulance, but that policy was not followed.  Instead, police officers met the ambulance at the hospital, and Kashon's handcuffs were removed soon after he arrived there.

According to Dr. Edward S. Chmara, the forensic pathologist who conducted Kashon's autopsy, Kashon died from the two gunshot wounds.  Dr. Chmara further noted that there was no evidence of asphyxiation nor was there any evidence that Kashon's airways had been blocked.

Plaintiff, Garressa Smith, filed this suit, alleging that Defendant Gransden used excessive force when he shot Kashon.  She also alleged that both Gransden and Frampton were deliberately indifferent to Kashon's medical needs and that Frampton was liable for the deliberate indifference of other Camden police officers.  The jury returned a verdict of no cause for both defendants on all counts.

Smith has filed this post-trial motion seeking judgment as a matter of law or, alternatively, a new trial solely with respect to her claims against Defendant Frampton.

**II.**

Plaintiff argues that she is entitled to judgment as a matter of law because the evidence presented at trial established that Frampton was deliberately indifferent to Kashon's serious medical needs. She further argues that Frampton was deliberately indifferent because he failed to have an officer accompany Kashon to the hospital in violation of the Camden Police Department policy. In the alternative, Plaintiff argues that the verdict against Frampton was against the great weight of evidence and that she is entitled to a new trial.

A trial court should grant judgment as a matter of law "only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury could reasonably find liability." *Lightning Lube v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993). The court is not permitted to weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for that of the jury, in determining whether the evidence is sufficient to sustain the verdict. *Id.* "The motion may be granted if 'the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief.'"

*Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.*, 166 F. Supp. 2d 19, 28 (D.N.J. 2001).

Federal Rule of Civil Procedure 59 governs the grant of a new trial in an action where there has been a trial before a jury.  The rule provides that a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a).  Generally, a trial court should grant a motion for a new trial only when "in the opinion of the trial court, the verdict is contrary to the great weight of the evidence, thus making a new trial necessary to prevent a miscarriage of justice."  *Roebuck v. Drexel University*, 852 F.2d 715, 736 (3d Cir. 1988) (citing 9 Charles Wright & Arthur Miller, *Federal Practice & Procedure* § 2531, at 575-76 (1971)). A trial court may not grant a new trial because it would have come to a different conclusion than that reached by the jury. *Lightning Lube, Inc. v. Witco Corp.*, 802 F. Supp. 1180, 1186 (D.N.J. 1992).

Based on the evidence presented at trial, these standards are not met.  First, the jury reasonably could have found that Defendant Frampton's actions did not cause any harm to Kashon. According to one paramedic, Brian Rowe, Kashon was breathing normally when Rowe arrived at the scene and continued to do so

7

while he was transported to the hospital. Rowe also testified that, although no officer accompanied Kashon in the ambulance, Kashon's handcuffs were removed almost immediately after he arrived at the hospital by officers who had followed the ambulance there. In addition, Dr. Chmara testified that the two gunshot wounds were the cause of death. He further testified that Kashon's airways were free from dirt, mulch, and mucus and that there was no evidence of asphyxiation.

The jury also could have found that Frampton was not deliberately indifferent given the chaos and activity at the scene. Frampton was the crime scene supervisor and was thus responsible for securing the scene. Several witnesses testified that a large crowd formed shortly after the shooting, with many of the people yelling and screaming. Members of the crowd, including Plaintiff, tried to push closer to Kashon, and the officers on the scene had to hold them back to preserve the crime scene and any evidence there. Rowe testified that the paramedics tried to remove Kashon as quickly as possible because the scene was not safe. In addition, Defendants' expert, Emanuel Kapelsohn testified that in such situations, the officers would have had to split their attention between the volatile crowd and Kashon. He noted that the crowd constituted an "exigent circumstance" that could have kept Frampton from

turning Kashon over.  In light of this testimony, the jury reasonably could have found that Frampton was not deliberately indifferent.

### III.

For the foregoing reasons, Plaintiff's motion will be denied.  An appropriate order accompanies this Opinion.

Date: December 10, 2012

/s/ Joseph E. Irenas_____

**Joseph E. Irenas, S.U.S.D.J.**